IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ROY KING | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:23CV494 |
| SCOTLAND COUNTY TAX ASSESSOR and TAX ASSESSMENT OFFICE OF SCOTLAND COUNTY | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Roy King's ("Plaintiff") application to proceed *in forma pauperis* ("IFP"). (Docket Entry 1.) Plaintiff has also submitted a Complaint. (Compl., Docket Entry 2.) For the reasons that follow, the Court will grant Plaintiff's IFP status for the sole purpose of entering this Order and recommend that the Complaint be dismissed.

Plaintiff's Complaint, at times, is difficult to discern. To the extent that the undersigned can determine, Plaintiff owns property in Scotland County, NC and claims that "it is unjust for them to bear the associated tax burden" for several reasons, including that he does not require the "general services that typically render one liable for county taxes." (*Id.* at 3-4.)[1] Plaintiff also asserts that paying property tax violates the Due Process Clause and Equal

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

Protection Clause. (*Id.* at 6-8.) Further, he claims that the property was "deposited into a Private Religious Purpose Trust" and thus the taxation violates his "religious freedoms." (*Id.* at 2-3.)

The Court is required to dismiss frivolous or malicious claims, and any complaint that fails to state a claim for upon which relief can be granted. 28 U.S.C. $ 1915(e)(2)(B); *Michau v. Charleston County, S.C.,* 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer,* 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). As a part of its review, the Court may also consider the question of subject matter jurisdiction. *See Lovern v. Edwards,* 190 F.3d 648,654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins,* No. 5:09-CV-551-D, 2010 U.S. Dist. LEXIS 50264, at *8, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (unpublished) (dismissing complaint for lack of subject matter jurisdiction as part of the district court's frivolity review under 28 U.S.C. § 1915).

Additionally, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of showing that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Questions concerning subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the Court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, as a threshold matter, pursuant to the Tax Injunction Act of 1937, the court does not have jurisdiction to consider the claims. *See* 28 U.S.C. § 1341. The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* N.C. Gen. Stat. § 105-381 provides remedies for taxpayers "asserting a valid defense to the enforcement of the collection of a tax assessed upon his property . . . ." "Accordingly, to the extent this lawsuit is an attempt to challenge real estate taxes levied, Plaintiff has adequate state law avenues to do so and, this Court lacks jurisdiction." *Burwell v. Dailey*, No. CV 21-00265-WES, 2021 WL 2667131, at *2 (D.R.I. June 29, 2021).

Moreover, Plaintiff's claims must be dismissed under the comity doctrine. "[T]he comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.,* 560 U.S. 413, 417 (2010). "Based on principles of federalism and comity, district courts refrain from exercising jurisdiction over suits posing either an equitable or legal challenge to state or local taxes if a plain, adequate, and complete remedy is available under state law." *Cashwell v. Town of Oak Island,* 383 F. Supp. 3d 584, 590 (E.D.N.C. 2019) (citing *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Commn,* 515 U.S. 582, 589 (1995); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 116 (1981); *Lawyer v. Hilton Head Pub. Serv. Dist. No. 1,* 220 F.3d 298, 302 (4th Cir. 2000)). "North Carolina's procedures for challenging the constitutionality of

3

taxes are a 'plain, adequate, and complete remedy.'"[2] *Id.* (citing *DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 128 (4th Cir. 2008)); *see* N.C. Gen. Stat. § 105-381.

Accordingly, **IT IS ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order. **IT IS RECOMMENDED** that the Complaint be dismissed for lack of subject matter jurisdiction.

/s/ Joe L. Webster
United States Magistrate Judge

April 4, 2024
Durham, North Carolina

---

[2] Moreover, even were the Court to consider Plaintiff's claims, they would fail. As to Plaintiff's equal protection challenge, he asserts that "property taxation . . . results in significantly different tax burdens on similarly situated individuals." (Docket Entry 2 at 7.) However, Plaintiff does not explain how paying property taxes amounts to treating similarly situated individuals differently. *See Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.") Plaintiff's statement is conclusory and thus does not plausibly state a claim. Plaintiff also asserts that his property tax violates the Due Process Clause because he was "provided with inadequate notice and opportunity to oppose the tax levy before it was imposed." (Docket Entry 2 at 6-7.) Again, his statement is entirely conclusory and fails to state sufficient facts to raise a plausible claim. Plaintiff further acknowledges that there are several programs offered by counties that can reduce one's tax burden, but it does not appear that he has utilized any of these programs. (*See id.* at 4-5.) Therefore, to the extent that Plaintiff claims that property taxes are unconstitutional, such claims are conclusory and do not assert sufficient facts to plausibly state a claim, and therefore would fail.

4